```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT P. MOORE and NOREEN O. MOORE,

                        Plaintiffs,              13-CV-6263

             v.                                  ORDER

ALLENTOWN VILLAGE SOCIETY, INC.,
MARY M. MYSZKIEWICZ, WILLIAM H. SMITH,
and MARK MARTH,

                        Defendants.
_____
```

INTRODUCTION

Plaintiffs Robert P. Moore and Noreen O. Moore, owners of the federally registered trademark "Red Osier" (a mark used as the brand name for their roasted beef products, including roast beef deli meat) bring this trademark infringement action against defendants Allentown Village Society, Inc. ("Allentown"), Mary M. Myszkiewicz, ("Myszkiewicz"), William H. Smith ("Smith"), and Mark Marth ("Marth"), claiming that the defendants have infringed their trademark. Specifically, plaintiffs claim that the defendants, without authorization, have sold roast beef sandwiches under the "Red Osier" brand name from food vending carts and booths at the Allentown Arts Festival in Buffalo, New York. According to the plaintiffs, for several years, the defendant vendors have erected large signs advertising "Red Osier Roast Beef" during the Allentown Arts Festival, and have sold "Red Osier Roast Beef Sandwiches"

1

despite not being authorized by the plaintiffs to use their trademark, and despite being notified that unauthorized use of their mark constituted infringement. Plaintiffs also allege causes of action for unfair competition and false designation of origin, false advertising, and negligent interference with prospective economic relations.

Defendants deny plaintiffs' claims, and defendants Allentown, Myszkiewicz, and Smith move for an extension of time to respond to the Complaint, and to transfer this action to the Buffalo, New York Division of the Western District of New York on grounds that because the acts giving rise to the allegations occurred in Buffalo, the action should be venued in Buffalo. Plaintiffs oppose defendants motion on grounds that they initiated this action in Rochester, and their choice of forum is entitled to deference absent a compelling reason to transfer the case to Buffalo. Plaintiffs contend that because the defendants have not provided any compelling reason to transfer the case, the case should remain in the Rochester Division of the Western District of New York.

For the reasons set forth below, I deny defendant's motion to transfer, and grant defendant's motion for an extension of time to answer the Complaint.

## DISCUSSION

28 U.S.C. § 1404(b) provides in relevant part that: "[u]pon motion, consent or stipulation of all parties, any action, suit or

proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." Whether or not an action should be transferred from one division of a judicial district to another is within the sound discretion of the court, and although the court analyses such a motion under the same standards used to consider motions to transfer an action outside of a district, motions to transfer within a district are "judged by a less rigorous standard." Nels Cary, Inc. v. Day, 2007 WL 3015247 (N.D. Tex. 2007)(denying transfer from one division to another within the same district); Paul v. Hovensa L.L.C., 2013 WL 857601, *1 (D.Virgin Islands, March 06, 2013)[1].

It is axiomatic that the plaintiff's initial choice of forum must be given substantial weight and should not be changed lightly. Air-Flo M.G. Co. v. Louis Berkman Co., 933 F.Supp. 229 (W.D.N.Y. 1996). Accordingly, it is the burden of the party seeking transfer to "make a clear-cut showing that [transfer] is warranted." Lencco Racing Co., Inc. v. Artco, Inc., 953 F.Supp. 69, 71

---

[1] At least one court has held that a request for an interdistrict transfer must be made by all parties to the action, reading the language of 28 U.S.C. § 1404(b) to require that a motion to transfer must be made by all parties. See Tucker v. American Intern. Group, Inc., 728 F.Supp.2d 114, 125 (D.Conn., 2010)(denying motion to transfer where motion to transfer was not made by all parties). I decline, however, to hold that a court may consider a motion to transfer a case pursuant to 28 U.S.C. § 1404(b) only where all parties move to transfer.

(W.D.N.Y. 1997)(Larimer, Chief Judge). Factors to be considered in determining whether or not an action should be transferred include:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8)the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice based on the totality of circumstances.

Eskofot A/S v. E.I. Du Pont De Nemours & Co., 872 F.Supp. 81, 95 (S.D.N.Y. 1995) (citations omitted). Under the circumstances presented here, I find that defendants have failed to make a clear-cut showing that transfer of this case to the Buffalo division of this Court is warranted. Defendants contend that transfer of this action to Buffalo is warranted because: (1) the alleged trademark infringement occurred in Buffalo; (2) many of the likely witnesses are located in the Buffalo area, and (3) the relative financial means of the parties favors transfer of the action to Buffalo. I find, however, that any inconvenience of parties or witnesses traveling from Buffalo to Rochester for court proceedings is de minimus, and that the other factors cited by defendants do not overcome the deference owed by the Court to the plaintiff's choice of forum. Accordingly, I deny defendants' motion to transfer. Defendants' motion for an extension of time to respond to the

Complaint is granted, and defendants shall have until August 27, 2013 to respond.

       ALL OF THE ABOVE IS SO ORDERED.

                         S/ Michael A. Telesca
                         _____
                           MICHAEL A. TELESCA
                       United States District Judge

Dated:    Rochester, New York
           August 5, 2013